**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

H. TRUMAN CHAFIN,
<u>Plaintiff-Appellant,</u>

v.

WEST VIRGINIA SUPREME COURT OF
APPEALS; MARGARET WORKMAN;
LARRY V. STARCHER, Justices of the

No. 99-1112

West Virginia Supreme Court of
Appeals,
<u>Defendants-Appellees.</u>

SUAREZ CORPORATION INDUSTRIES;
WEST VIRGINIA JUDICIAL ASSOCIATION,
<u>Amici Curiae.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CA-98-134-3)

Argued: September 22, 1999

Decided: January 31, 2000

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge,
and Frank MAGILL, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

_____

Affirmed by unpublished opinion. Senior Judge Magill wrote the
opinion, in which Chief Judge Wilkinson and Judge Luttig joined.

_____

**COUNSEL**

**ARGUED:** David Hart Nelson, Charlottesville, Virginia, for Appellant. John M. Hedges, BYRNE & HEDGES, Morgantown, West Virginia, for Appellees. **ON BRIEF:** C. Allen Foster, Eric C. Rowe, PATTON BOGGS, L.L.P., Washington, D.C., for Amicus Curiae Suarez. Ancil G. Ramey, STEPTOE & JOHNSON, Charleston, West Virginia, for Amicus Curiae Judicial Association.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

MAGILL, Senior Circuit Judge:

Appellant, H. Truman Chafin, filed this action in the District Court for the Southern District of West Virginia seeking injunctive and declaratory relief against the West Virginia Supreme Court of Appeals and Justices Workman and Starcher. The district court dismissed the case for lack of subject matter jurisdiction consistent with the Rooker/Feldman doctrine. We affirm.

I.

On October 19, 1993, Gretchen Lewis Chafin ("Lewis") filed for divorce from H. Truman Chafin ("Chafin"). After particularly acrimonious proceedings in numerous state courts, spanning three years and three different counties, a final decree of divorce was entered by the Circuit Court of Monongalia County, West Virginia on December 5, 1996. Both parties appealed to the West Virginia Supreme Court of Appeals.*

_____

*See Chafin v. Chafin, 505 S.E.2d 679 (1998) (giving exhaustive history of the state court proceedings).

2

Chafin requested that all five justices of the West Virginia Supreme Court of Appeals recuse themselves. Chafin asserted none of the justices could give the case a fair hearing because of their personal relationships with both Chafin, a West Virginia State Senator, and Lewis, who was a member of the West Virginia Cabinet. Three of the justices recused themselves, however Justices Workman and Starcher refused to recuse.

On February 13, 1998, before the West Virginia Supreme Court of Appeals could rule on the merits of the case, Chafin filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging the West Virginia Supreme Court of Appeals and Justices Workman and Starcher had violated his rights to a fair tribunal, to a fair hearing, to due process, and of access to the courts. Chafin alleged these rights were violated by both the refusals of Justices Workman and Starcher to recuse themselves and the failure of the West Virginia Supreme Court of Appeals to have an objective system for disqualifying the Justices of that Court. The district court held it lacked subject matter jurisdiction.

II.

Because Chafin is requesting a United States District Court to sit in appellate review of a state court decision, the district court correctly held it lacked subject matter jurisdiction under the Rooker/Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Proper jurisdiction for such an appeal rests only in the United States Supreme Court. See 28 U.S.C. § 1257.

III.

For the reasons stated, the judgment of the district court is

AFFIRMED.